S. J. JACKSON, Plaintiff-Appellant,

v.

LEIF HOEGH & CO. A/F, Defendant, (Dismissed as defendant May 7, 1975),

S/A Abaco, A/S Aruba, A/S Astrea and A/S Noruega, Defendants-Appellees (Substituted as defendants May 7, 1975).

No. 76–1669

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

April 8, 1977.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Sherman F. Raphael, Frank B. Hayne, III, New Orleans, La., for plaintiff-appellant.

Rufus C. Harris, III, William E. Wright, New Orleans, La., for defendants-appellees.

Before BROWN, Chief Judge, and GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

During the performance of his duties as a longshoreman on board the M/V Hoegh Pilot while employed by the Strachan Shipping Co. (Stevedore), Jackson (Longshoreman) was injured on May 24, 1973, as he assisted in the loading of rice sacks aboard a vessel. Longshoreman sued Vessel Owner based on the negligence of the vessel, its unseaworthiness, and negligence arising from violation of 33 USCA § 941, Safety and Health Regulations for Longshoring.

This appeal comes to this Court from the District Court's grant of summary judgment in favor of Vessel. We have held this case awaiting decision in the two significant cases of *Gay v. Ocean Transport & Trading, Inc.*, 5 Cir., 1977, 546 F.2d 1233, and *Smith v. Captain Fred*, 5 Cir., 1977, 546 F.2d 119. Although the Judge was right in ruling against the seaworthiness claim and technically treated the regulation as of little or no significance, it is plain that he took positions on the broad problem of land based liability on which this Court in *Gay* for the first time laid out both standards and sounded caveats on the reaches of the open and obvious concept.

Consequently we think the case should be remanded for reconsideration in the light of these significant decisions. Obviously we intimate no view on the proper outcome on remand, the extent to which the parties or trial court initially consider it appropriate to supplement the present record, or the propriety of total or partial summary judgment.

VACATED and REMANDED.